*MELINDA SUE DEBARTOLO AND EUGENE DEBARTOLO, JR. v,*
*ROCKET MORTGAGE LLC, SERVICELINK, LLC AND JOHN DOES 1-5*

# EXHIBIT B

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| MELINDA SUE DEBARTOLO and EUGENE DEBARTOLO, JR., | CASE NO. _____ |
| Plaintiffs, | |
| v. | ORIGINAL NOTICE |
| ROCKET MORTGAGE, LLC, SERVICELINK, LLC, and JOHN DOES 1-5. | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of court naming you as a defendant in this action. A copy of the petition (and any documents filed with it) is attached to this action. The attorney for the plaintiff is Matthew M Sahag whose address is 301 East Walnut, Suite 1, Des Moines, Iowa 50309.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County at the county courthouse in Council Bluffs, IA. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district coordinator at 515.286.3394. (If you are hearing impaired, call Relay Iowa TTY at 800.735.2942)

_____
CLERK OF COURT
Pottawattamie Courthouse
227 S. 6th St.
Council Bluffs, IA 51501

**IMPORTANT**

**YOU ARE ADVISED TO SEEK LEGAL COUNSEL AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2025 OCT 03 3:22 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **CVCV127100**

*County*  **Pottawattamie**

*Case Title*    MELINDA AND EUGENE DEBARTOLO VS ROCKET MORTGAGE

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

---

*Scheduled Hearing:*

---

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(712) 328-4753** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **10/03/2025 03:22:02 PM**



*District Clerk of Court or/by Clerk's Designee of* Pottawattamie    *County*
**/s/ Samantha Magnuson**

IN THE IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| MELINDA SUE DEBARTOLO and EUGENE DEBARTOLO, JR.,<br><br>        Plaintiffs,<br><br>v.<br><br>ROCKET MORTGAGE, LLC, SERVICELINK, LLC, and JOHN DOES 1-5.<br><br>        Defendants. | CASE NO. _____ |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I.    INTRODUCTION

1.    This is an action for trespass, conversion, negligence, negligent hiring, retention and supervision, intentional infliction of emotional distress and for violation of the Iowa's Consumer Rights Act.

### II.    PARTIES

2.    Plaintiff Melinda Sue DeBartolo is a natural person residing in Pottawattamie County, Iowa.

3.    Plaintiff, Eugene DeBartolo, Jr, is a natural person residing in Pottawattamie County, Iowa.

4.    Defendant Rocket Mortgage, LLC is ("Rocket Mortgage") is a mortgage company and/or mortgage servicer with its principal place of business in Detroit, Michigan.

5.    Defendant ServiceLink, LLC is a for-profit foreign limited liability company with is principal place of business in Coraopolis, Pennsylvania.

6.    John Does 1-5 are individuals employed or hired by ServiceLink, LLC who were issued a work order or other authorization to enter into the Plaintiff's home while they were away caring for an ill family member.

### III.    JURISDICTION

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

7.  Subject matter jurisdiction is proper as the claims asserted by the Plaintiffs are within the jurisdiction of the District Court and the property at issue is in this county.  The Court has jurisdiction over the Defendants as they transact substantial business here, held and/or serviced a loan on the Plaintiffs' property and ordered and/or directed employees or contractors to enter the Plaintiffs home forming the underlying facts for the Plaintiffs' claims.  In addition, the Court has jurisdiction over the John Doe Defendants as those defendants are the yet unknow and to be named local employees and/or contractors of Rocket Mortgage and/or ServiceLink who entered the Plaintiff's home, caused damage and removed some of other personal possessions.

## IV.  FACTUAL ALLEGATIONS

### Plaintiffs Travel to Tennessee to Care for Mrs. DeBartolo's Sick Father

8.  The Plaintiff Melinda Sue DeBartolo entered into a loan and mortgage with Rocket Mortgage on her home located at 822 Palmer Street, Oakland, IA.  She lived there with her husband, Plaintiff Eugene DeBartolo, Jr.

9.  Rocket Mortgage has a contract with Defendant ServiceLink for certain mortgage related services, such as "field services whereby its experts assist servicers and investors with a full range of inspection, preservation and REO services to protect properties and save costs throughout the default ecosystem."[1]

10. In April of 2023, Mrs. DeBartolo travelled to Tennessee to be with her father who was diagnosed with lung cancer.

11. By the Fall, her father's condition had worsened.  On October 4, 2023, Mr. DeBartolo traveled to Tennessee to help Mrs. DeBartolo with her father.  Knowing that they would not be at their home in Iowa for an extended period of time, Mr. DeBartolo contacted the City to have the water turned off, he winterized the house and made sure all doors and windows were locked and secure.  He asked a neighbor to keep an eye on his house.

12. In November, Mrs. DeBartolo had a telephone conversation with a Rocket Mortgage representative wherein she indicated that she was not currently at her house because she was caring for her sick father and would be making her mortgage payment at the end of the month.  At that time, as discussed with Rocket Mortgage, she did not belief she needed help with making her mortgage payments, as she intended to keep paying her mortgage and make up the one payment that she was behind.  She never indicated to Rocket Mortgage that she was not returning to her house or that she had abandoned her house.

13. Despite this call with Rocket Mortgage to inform it that she temporarily away from her house caring for her sick father, on or about December 28, 2023, Rocket Mortgage and/or

---

[1] https://www.servicelink.com/servicers/field-services?utm_source=google&utm_medium=cpc&utm_campaign=title_paid_search&utm_adgroup=title&utm_content=ad_3&gad_source=1&gclid=CjwKCAiA-ty8BhA_EiwAkyoa35hcxYPiZy4_KcniBE5MlrMi_A-uFeMgFI3IVY6gaI28A8LWyf865hoCdlwQAvD_BwE

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

ServiceLink ordered an "inspection" of the Plaintiffs' house, for which they charged her $30 on her monthly mortgage statement.

14. On December 30, 2023, Mrs. DeBartolo, still in Tennessee with her husband caring for her father, called Rocket Mortgage again.  In that call, Rocket Mortgage indicated that they would grant Mrs. DeBartolo a forbearance agreement.  At no point in this call, or the November call, had the Rocket Mortgage representative indicated that her house was in foreclosure, not secure, had been deemed vacant or abandoned by Rocket Mortgage or that Rocket Mortgage or ServiceLink had issued orders for contractors to break into her home and allegedly conduct work in her home.  Based on this call, Ms. DeBartolo understood that she would be entering into a forbearance agreement with Rocket Mortgage and relied in their representations.

15. Mrs. DeBartolo's father passed away on January 8, 2024 in Maryville, Tennessee. According to his wishes, he was to be buried in a cemetery in Chicago. Mr. and Mrs. DeBartolo arranged for her father to be flown to Chicago and attended and oversaw his burial in Chicago.  His funeral was on January 21, 2024 in Chicago.

16. On that same day, January 8, 2024, Rocket Mortgage sent a notification to Mrs. DeBartolo's homeowner's insurer informing them that the Plaintiff's had abandoned their house, which resulted in the cancelation of their homeowner's insurance

17. Although knowing that she was behind on her mortgage payments, Mrs. DeBartolo had made mortgage payments on December 30, 2023, January 17, 2024, February 1, 2024 and February 22, 2024 in an attempt to catch-up on her mortgage.  These payments, which were received and credited by Rocket Mortgage, were further evidence that her house was not vacant or abandoned, along with the December 30, 2023 call regarding entering into a forbearance agreement.

### Rocket Mortgage's and ServiceLink's Orders to Enter the Plaintiffs' Home, the Lock-Out and the Theft of Their Personal Possessions

18. On January 30, 2024, Mr. and Mrs. DeBartolo started their drive back to Oakland from Chicago.  On February 1, 2024, while still enroute, Mr. DeBartolo received an e-mail from their homeowner's insurer, Farmer's, requesting information about a property damage claim made on their policy.  After initially believing it was an e-mail phishing scam, Mrs. DeBartolo called Farmer's and was told that a company affiliated with Rocket Mortgage had made a property damage claim to Farmer's regarding water damage at their house.

19. Mr. and Mrs. DeBartolo were very confused about the property damage claim because they knew Mr. DeBartolo had turned off the water before he left, had winterized the house and had secured all windows and doors.  They were concerned that somehow  someone had entered their home while they were away caring for and burying Mrs. DeBartolo's father.

20. Mr. and Mrs. DeBartolo called the Oakland Sheriff's Department and were advised not to enter their house unless an officer was with them.

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

21.    When Mr. and Mrs. DeBartolo reached Oakland, they called the sheriff's office.  An officer met them at their house.  The locks on the rear door, where they usually entered, had been changed.  The door frame was damaged as the entire door was pried off the door jam.

22.    They went around to the front door.  The front lock had not been changed.  They entered the house with the officer.

23.    When they entered, they were shocked to see that their house had been ransacked.  All drawers and cabinets had been opened and gone through.  Their mail had been opened. There were used pots and pans on their stove from someone who had cooked in their kitchen.  Some of the beef, which they had just purchased from a local farmer who had slaughtered a cow, in the refrigerator had been stolen and the rest was spoiled because the refrigerator was left open.

24.    There were numerous personal items stolen from inside their house and their garage.  For example, the stolen items included numerous tools, snow blowers, hunting equipment, a sports card collection and a computer.

25.    Despite the water being off and the fact that Mr. DeBartolo had winterized the house, there were stickers on the toilets and sinks that evidenced that ServiceLink had conducted winterization services in the house.  In addition, ServiceLink employees or contractors cut copper tubing to the Plaintiffs' hot water heater rendering it unusable.

26.    The DeBartolos, having just gone through the death of Mrs. Bartolo's father, were devasted by the condition of their home. It had been ransacked and was unlivable.  There was no hot water due to the cutting of the copper pipes.

27.    There were various stickers place throughout the house and on windows identifying "ServiceLink Field Services."  The stickers, which had dates on them, and ServiceLink documents indicated that contractors or persons authorized by ServiceLink and Rocket Mortgage had allegedly entered the house and conducted work on January 21, 2024 to "secure" the house despite that fact that it was locked and January 30, 2024 to conduct "Thawing and Winterization" and "General Maintenance."

28.    January 21, 2024, the day the defendants entered the house, Mr. and Mrs. DeBartolo were at the funeral in Chicago laying Mrs. DeBartolo's father to rest.  January 30, 2024, when they allegedly entered the home and winterized it, Mr. DeBartolo was enroute home and arrived the next day, February 1, 2024.

29.    Rocket Mortgage charged the Plaintiff on her mortgage statements for the inspections, the lock-out, the trash-out and the work performed at their home.  These charges inflated the amount owed on her mortgage, thereby making it more difficult for her to become current. The assessed charged were as follows:

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

| Date | Charge | Description |
|------|--------|-------------|
| 10/17/23 | $20.00 | Property Inspection Costs |
| 12/28/23 | $30 | Property Inspection Costs |
| 1/25/24 | $30 | Property Inspection Costs |
| 2/27/24 | $10.00 | Posting of Notices/Signs |
| 2/27/24 | $40.00 | Lock Change – Padlock |
| 2/27/24 | $40.00 | Lock Change – Padlock |
| 2/27/24 | $60.00 | Property Preservation – Lock Change |
| 2/27/24 | $30.00 | Property Preservation – Photos |
| 2/27/24 | $40.00 | Lock Change – Lock Box |

30. Rocket Mortgage has not removed these charges from the Plaintiffs' account.

31. On July 18, 2024, the Plaintiffs' electricity was turned off as Quicken, the same company as Rocket Mortgage, had the electric service out in its name claiming that the Plaintiffs' house was in foreclosure, which was false.  The Plaintiffs had to have the electric service put back in their names.

## CLAIMS FOR RELIEF

### COUNT 1
### Trespass
### (Vicarious Liability As to All Defendants)

32. The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count. The defendants, their agents, contractors and/or employees entered the plaintiffs' property without permission, authorization or the legal right to do so.

33. The defendants, their agents, contractors and/or employees had no legal right to enter, secure, change the locks, perform work and damage and/or remove personal possessions from the property.  In addition, the defendants, their agents, contractors and/or employees had no legal right to live in the Plaintiffs house, cook in their kitchen and eat their food.

34. At no time had the home been abandoned nor had the Plaintiffs relinquished control of their home.  They were away from their home to care for a sick family member, had secured their house before they left and had a neighbor watch their house while they were gone.

35. The actions of the defendants, their agents, contractors and/or employees were done negligently and/or with gross disregard for the rights of the plaintiff.

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

36. The plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

**WHEREFORE**, the plaintiffs request judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## <u>COUNT 2</u>
### Conversion
### (Vicarious Liability As to All Defendants)

37. The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count. The defendants, their agents, contractors and/or employees entered the Plaintiffs' property without permission, authorization or the legal right to do so.

38. The defendants, their agents, contractors and/or employees had no legal right to enter, secure, change the locks, perform work and damage and/or remove personal possessions from the property.  In addition, the defendants, their agents, contractors and/or employees had no legal right to live in the Plaintiffs house, cook in their kitchen and eat their food.

39. The defendants, their agents, contractors and/or employees removed and/or damaged personal property of the Plaintiffs, including but not limited to tools, snow blowers, hunting equipment, a sports card collection and a computer.

40. At no time had the home been abandoned nor had the Plaintiffs relinquished control of their home.  They were away from their home to care for a sick family member, had secured their house before they left and had a neighbor watch their house while they were gone.

41. The actions of the defendants, their agents, contractors and/or employees were done negligently and/or with gross disregard for the rights of the plaintiff.

42. The plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

43. The plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

## <u>COUNT 3</u>
### Intentional Infliction of Emotional Distress
### (As to All Defendants)

44. The defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house on numerous occasions without permission, authorization or the legal right to do so.  In addition, after entering, the defendants, their agents, contractors and/or employee engaged in conduct wholly unrelated to any legitimate business purpose.

6

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

45.  The Defendants, their agents, contractors and/or employees knew at the time of the seizure of the Plaintiffs' property that it did not own the property and proceeded intentionally and/or with gross disregard for the rights of the Plaintiffs' to break into their home, seize their home, change the locks, ransack their house, remove personal possessions, open their mail, live in their house and eat in their kitchen.

46.  Moreover, the Defendants their agents, contractors and/or employees left the home unsecure exposing the home to damage by the Defendants' contractors and others.  The pictures and videotape obtained by the Plaintiffs show that the home was completely ransacked.

47.  Moreover, Rocket Mortgage knew that the Plaintiff were temporarily in Tennessee to care for Mrs. DeBartolo's sick father and that they had not vacated or abandoned their home. Despite all knowledge possessed by the Defendants, they proceeded to seize the plaintiff's property, change the locks, damage the property and remove property from the home.

48.  At the time the Defendants were seizing the Plaintiffs' home, the Plaintiffs were in Chicago burying Mrs. DeBartolo's father.

49.  The defendants' acts and/or omissions were done intentionally and/or with reckless disregard for the safety of the plaintiff creating an unreasonable risk of emotional distress.  The defendants' conduct was such that it was certain, or substantially certain, to result in emotional distress.

50.  The acts and conduct of the defendants, their agents and contractors were extreme and outrageous and beyond all bounds of decency.  The defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

**WHEREFORE**, the plaintiff requests judgment in her favor on this Count and further requests that she be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 4
### Invasion of Privacy
### (As to All Defendants)

51.  The plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

52.  The plaintiffs resided in their Iowa home where they had a reasonable expectation of privacy. When the Plaintiffs left for Tennessee, they had secured their home.

53.  The Plaintiffs had a right to privacy in their home.  At all times, the Plaintiffs had the right to be free from unlawful intrusion onto their property and into their home.  They did not vacate their home or abandon it.  They were temporarily out of state caring for Mrs. DeBartolo's father who was terminally ill.

54.  The defendants, their agents, contractors and/or employees broke into and entered the

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

Plaintiffs' property and house several times without permission, authorization or the legal right to do so. The defendants, their agents, contractors and/or employees also sent contractors to the property to inspect it and to perform other work.

55. The persons entering their home searched it, opened drawers, cabinets and dressers. Their mail was opened and a computer was taken, along with numerous other personal possessions. The trespassers cooked food on their stove and left their kitchen a mess. In addition, the Defendants and/or their agents damages the Plaintiff's property and stole personal possessions.

56. In addition, the Defendants took numerous pictures inside the Plaintiffs' home without authorization or right.

57. The defendants are directly and/or vicariously liable for the actions of their agents, contractors and/or employees.

58. As described above, the actions of the defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the plaintiff and constituted an invasion of the plaintiff's right to privacy.

### COUNT 5
### Negligence
### (As to all Rocket Mortgage)

59. The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

60. The Defendant owed a duty of reasonable care to the Plaintiffs when servicing the Plaintiffs loan, enforcing its security interest and providing loan mitigation services.

61. The Defendant was put on direct notice by the Plaintiff that they were temporarily out of state caring for a family member and that they had sought loan mitigation in the form of a forbearance agreement. Despite this notice, the Defendants authorized and ordered inspectors and contractors to inspect the Plaintiffs' home, break into the home by prying open a door jam, change locks, remove possessions and conduct other property preservation services at the home for which they charged the Plaintiffs.

62. In addition, the Defendant failed to notify ServiceLink or the contractors and individuals who entered to the home, that the Plaintiffs reported that they were temporarily away from their home for family reasons and that the Plaintiffs had continued to make mortgage payments further indicating that they had not vacated or abandoned the home.

63. The Defendant and/or its agents, employees and/or contractors breached the duty of care owed to the Plaintiffs by a) failing to inform its property preservation department and/or its property preservation servicers, contractor and/or individuals, the true status of the Plaintiffs occupancy; b) failing to conduct adequate due diligence to determine the true occupancy status of the Plaintiffs home; c) seizing and entering the Plaintiffs' home, ransacking the home and removing and/or destroying possessions.

E-FILED 2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

64.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendant, its agents, contractors and/or employees. The Plaintiffs' damages include but are not limited to loss of personal possessions and the stress, anxiety and loss of security in their home resulting from the Defendant's actions.

## COUNT 6
### Negligence
### (As to ServiceLink and John Does 1-5)

65.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

66.     The Defendants ServiceLink and John Does 1-5, who were contractors and individuals who ordered entry and/or unlawfully entered the Plaintiffs' home, caused damage, removed possessions, stayed in the Plaintiff's home and cooked food in their kitchen, owed a duty of reasonable care to the Plaintiffs when performing property preservation services.

67.     The Defendants and their agents, employee and/or contractors, breached that duty of care by repeatedly entering the home, causing damage, removing personal possessions, opening the Plaintiff's mail, ransacking their home, cooking in the Plaintiff's kitchen and eating their food.

68.     As a direct and proximate result, the Plaintiffs' have been damaged.

## COUNT 7
### Negligent Hiring, Training and/or Supervision)
### (As to Rocket Mortgage and ServiceLink)

69.     The defendants had a duty of care to hire employees and/or contractors with the necessary skill and care to perform property preservation services in compliance with the law. The defendants also had the duty to train said contractors and/or employees in the reasonable and proper methods and practices for performing lawful property preservation services and securing a collateralized property.

70.     Additionally, the defendants had the duty to supervise the contractors and/or employees to whom they sent work orders and requested to perform services at a foreclosed property.

71.     The defendants breached the duties they owed to the plaintiff by failing to hire qualified contractors/employees and/or to properly and adequately train and supervise the contractors/employees they hired. Without court order, the defendants' contractors seized the Plaintiffs' home, changed the locks, ransacked the home, removed possession and cause damage. The Plaintiffs' damages include but are not limited to loss of personal possessions and the stress, anxiety and loss of security in their home resulting from the Defendant's actions.

## COUNT 8

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

### Violation of Iowa Code Section 714H - Consumer Fraud Act
### (As to Rocket Mortgage)

72. The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

73. The Plaintiffs are consumers whose mortgage was serviced and/or owed by Defendant Rocket Mortgage. A mortgage and/or services related to a mortgage (i.e. mortgage servicing) constitutes goods and services covered by the Act.

74. The Defendant knew or reasonably should have known that the Plaintiffs had not abandoned their home and that they were temporarily away from their home for personal reasons.  The Plaintiff was in communication with Rocket Mortgage and had sent Rocket Mortgage mortgage payments on December 30, 2023, January 17, 2024, February 1, 2024, and February 22, 2024, which Rocket Mortgage accepted and credited to the Plaintiffs' account.

75. Despite this knowledge, Rocket Mortgage still ordered its vendor ServiceLink to the Plaintiffs' home with orders to inspect the home and to report back to Rocket Mortgage whether the home had been abandoned.  Despite the knowledge of Rocket Mortgage, when ServiceLink and/or its employees or subcontractors reported back to Rocket Mortgage that the Plaintiff home was abandoned, Rocket Mortgage still authorized entry into the Plaintiffs' home, a lock change, winterization work at the Plaintiff's home, informed the Plaintiff's home owner's insurer that it had abandoned the home and made a false property damage claim to the Plaintiffs' homeowner's insurance.

76. The acts and/or omissions of Rocket Mortgage in ordering an inspection and entry into the Plaintiffs' home when it knew it had not been abandoned and had been receiving continued mortgage payments from the Plaintiffs, authorizing work to be performed on the Plaintiffs' home, notifying Plaintiffs' homeowners insurer that the Plaintiffs had abandoned their home and filing a false insurance claim, constituted unfair practices, deception, false pretenses, misrepresentation, concealment and/or other acts or omissions prohibited by the Act.

77. The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the Defendant, its agents, contractors and/or employees. The Plaintiffs' damages include but are not limited to loss of personal possessions and the stress, anxiety and loss of security in their home resulting from the Defendant's actions.

78. Rocket Mortgage acted with a wilful and wanton disregard for the rights and safety of Plaintiffs.

79. As a result Rocket Mortgage's violation of Iowa Code Section 714H, Plaintiffs are entitled to the following relief:

     a.  Actual damages;

     b.  Equitable relief;

     c.  Attorney fees and expenses;

10

E-FILED  2025 OCT 03 1:50 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

    d.   Costs;

    e.   Treble damages

## **PRAYER FOR RELIEF**

**WHEREFORE**, the plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by law, attorney's fees and costs, pre-and post-judgment interest on any award and any and all additional relief that the Plaintiffs are entitled to as a matter of law or equity.

Respectfully submitted
on behalf of the Plaintiffs

_____
Matthew M. Sahag, AT0008849
Dickey, Campbell, & Sahag Law Firm, PLC
301 East Walnut Street, Suite 1
Des Moines, Iowa  50309
Telephone: (515) 288-5008
Facsimile: (515) 288-5010
E-mail:  matthew@iowajustice.com

**ATTORNEY FOR PLAINTIFF**

E-FILED  2025 NOV 11 9:03 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# RETURN OF SERVICE

## STATE OF IOWA

## COUNTY OF POTTAWATTAMIE

MELINDA SUE DEBARTOLO and
EUGENE DEBARTOLO, JR.,
  Plaintiffs

v.

ROCKET MORTGAGE, LLC.,
SERVICELINK, LLC., and JOHN DOES
1-5.
  Defendants

Date Received:  November 5, 2025            File No. CVCV127100

Served on: Melissa Milland, CT Corporate System, registered agent for Rocket Mortgage, LLC.

TYPE OF SERVICE: Original Notice; Complaint and Request for Jury Trial

MANNER OF SERVICE:  In person

Date: November 5, 2025  10:15 a.m.   Place: 400 E. Court Ave., Des Moines, Iowa

Declaration of server: I declare under penalty of perjury and pursuant to the laws of the State of Iowa that the foregoing information contained in the proof of service is true and correct.

Return of Service
Melinda Sue Debartolo and Eugene Debartolo, Jr. v. Rocket Mortgage, LLC,
ServiceLink, LLC., and John Does 1-5
Page 2 of 2

_____

Delbert L. King
King & Associates, LLC
P.O. Box 3641
Urbandale, Iowa 50323
515-490-9601

| Fee: Service | $ | 50.00 |
|---|---|---|
| Mileage | $ | 15.40 |
| Copies | $ | 0 |
| Total | $ | 65.40 |

Subscribed and sworn to before me this ___11___ day of ___November_____.
20 _25_ .

_____

Notary Public in and for the State of Iowa

PATRICIA J. KING
Commission Number: 775931
My Commission Expires:
11-29-27

E-FILED        CVCV127100 - 2025 NOV 14 02:10 PM        POTTAWATTAMIE
CLERK OF DISTRICT COURT                Page 1 of 2

*CA4013*

State of Iowa, District Court POTTAWATTAMIE County

| | |
|---|---|
| MELINDA S DEBARTOLO<br>EUGENE DEBARTOLO JR<br><br>        Plaintiff / Petitioner<br>vs.<br><br>JOHN DOE<br>ROCKET MORTGAGE, LLC<br>SERVICELINK LLC<br><br>Defendant / Respondent | CASE NO. 04781  CVCV127100<br><br> ORDER FOR INDIVIDUAL CASE ASSIGNMENT |

IT IS ORDERED:

Judge Michael D. Hooper is designated as the Judge to preside over all future proceedings in this case.

If there are pending matters that should be determined before the trial/hearing, counsel shall promptly bring those matters to the attention of the presiding Judge.


/s/ Andrew Thomas, Judicial Operations Coordinator
712-328-5860


Copies to:


MATTHEW M. SAHAG

E-FILED          CVCV127100 - 2025 NOV 14 02:10 PM          POTTAWATTAMIE
CLERK OF DISTRICT COURT                                    Page 2 of 2



State of Iowa Courts

| **Case Number** | **Case Title** |
| --- | --- |
| CVCV127100 | MELINDA AND EUGENE DEBARTOLO VS ROCKET MORTGAGE |
| **Type:** | OTHER ORDER |

So Ordered

Andrew Thomas, Court Administration Designee
Fourth Judicial District of Iowa

Electronically signed on 2025-11-14 14:10:55

E-FILED  2025 NOV 19 11:03 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| MELINDA SUE DEBARTOLO AND EUGENE DEBARTOLO, JR.,       ) | |

MELINDA SUE DEBARTOLO AND )
EUGENE DEBARTOLO, JR.,          )
                               )
        Plaintiffs,           )     Case No. CVCV127100
                               )
v.                             )     **NOTICE OF APPEARANCE**
                               )
ROCKET MORTGAGE LLC,           )
SERVICELINK, LLC AND JOHN DOES )
1-5                            )
                               )
        Defendants.           )


The undersigned attorney hereby notifies the Court and counsel that Paulette S. Sarp, Esq., Hinshaw & Culbertson LLP, shall appear as counsel of record for Defendant Rocket Mortgage LLC, in the above-captioned matter.


**HINSHAW & CULBERTSON LLP**


Dated:    November 19, 2025    By:   ***/s/ Paulette S. Sarp***
                                   Paulette S. Sarp, AT0011748
                                   250 Nicollet Mall, Suite 1150
                                   Minneapolis, MN 55401
                                   Phone No.: 612-333-3434
                                   Fax No.: 612-334-8888
                                   psarp@hinshawlaw.com

                                   ATTORNEYS FOR DEFENDANT ROCKET MORTGAGE LLC

E-FILED  2025 NOV 19 11:03 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

Copy to:

Matthew M. Sahag
Dickey, Campbell & Sahag Law Firm, PLC
301 East Walnut Street, Suite 1
Des Moines, IA  50309
Phone:  (515) 288-5008
Email:  matthew@iowajustice.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 19, 2025, by:

| | | | |
|---|---|---|---|
| ☐ | U.S. Mail | ☐ | Fax |
| ☐ | Federal Express | ☒ | Other:  EDMS |

Signature:    */s/ Paulette S. Sarp*

1094542\327056073.v1

## IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | |
|---|---|
| MELINDA SUE DEBARTOLO AND EUGENE DEBARTOLO, JR., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>ROCKET MORTGAGE LLC, )<br>SERVICELINK, LLC AND JOHN DOES )<br>1-5 )<br>)<br>Defendants. ) | Case No. CVCV127100 |

## ROCKET MORTGAGE LLC'S UNOPPOSED MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 1.441(6)

Defendant, Rocket Mortgage LLC ("Rocket Mortgage"), by their attorneys HINSHAW & CULBERTSON LLP, in support of its Motion for Extension of Time Pursuant to Rule 1.441(6), states as follows:

1.    On October 3, 2025, Plaintiffs filed their Complaint and Request for Jury Trial.

2.    Hinshaw & Culbertson, LLP was recently retained to defend this matter for Rocket Mortgage.

3.    In order to respond to Plaintiffs' Complaint, counsel for Rocket Mortgage respectfully requests until December 16, 2025 to communicate with its client, and formulate an appropriate response in order to file a responsive pleading to Plaintiffs' Complaint.

4.    No party will suffer undue prejudice should this Court grant Rocket Mortgage's request for an extension of time to file its responsive pleading to Plaintiffs' Complaint.

5.    Plaintiffs' counsel does not oppose this request.

WHEREFORE, Defendant, ROCKET MORTGAGE LLC respectfully requests that this Court grant its Motion for Extension of Time, and extend Rocket Mortgage's deadline to answer or otherwise plead to December 16, 2025, and for any other further relief this court deems just.

E-FILED  2025 NOV 19 11:03 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

**HINSHAW & CULBERTSON LLP**

Dated: _____November 19, 2025_____   By:   */s/ Paulette S. Sarp*
Paulette S. Sarp, AT0011748
250 Nicollet Mall, Suite 1150
Minneapolis, MN 55401
Phone No.: 612-333-3434
Fax No.: 612-334-8888
psarp@hinshawlaw.com

ATTORNEYS FOR DEFENDANT ROCKET MORTGAGE LLC

Copy to:

Matthew M. Sahag
Dickey, Campbell & Sahag Law Firm, PLC
301 East Walnut Street, Suite 1
Des Moines, IA  50309
Phone:  (515) 288-5008
Email:  matthew@iowajustice.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on November 19, 2025, by:

| ☐ U.S. Mail | ☐ Fax |
|---|---|
| ☐ Federal Express | ☒ Other:  EDMS |

Signature:   */s/ Paulette S. Sarp*

1094542\327041497.v1

E-FILED          CVCV127100 - 2025 NOV 19 12:43 PM          POTTAWATTAMIE
CLERK OF DISTRICT COURT                    Page 1 of 2

## IN THE IOWA DISTRICT COURT FOR POTTAWATTAMIE COUNTY

| | | |
|---|---|---|
| MELINDA SUE DEBARTOLO AND<br>EUGENE DEBARTOLO, JR., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. CVCV127100 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROCKET MORTGAGE LLC,<br>SERVICELINK, LLC AND JOHN DOES<br>1-5 | ) | |
| | ) | |
| Defendants. | ) | |

THE COURT, upon review of Defendant, ROCKET MORTGAGE LLC's ("Rocket Mortgage"), Uncontested Motion for Extension of Time to File a Responsive Pleading filed on November 19, 2025 by attorney Paulette S. Sarp on behalf of Rocket Mortgage, hereby finds for good cause, that the same shall be granted.

IT IS THEREFORE ORDERED that Defendant Rocket Mortgage shall be granted an extension until December 16, 2025 to file an answer or otherwise plead to Plaintiffs' Petition.

E-FILED          CVCV127100 - 2025 NOV 19 12:43 PM          POTTAWATTAMIE
CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

| Case Number | Case Title |
|---|---|
| CVCV127100 | MELINDA AND EUGENE DEBARTOLO VS ROCKET MORTGAGE |
| **Type:** | OTHER ORDER |

So Ordered



Michael Hooper, District Court Judge,
Fourth Judicial District of Iowa

Electronically signed on 2025-11-19 12:43:01

E-FILED          CVCV127100 - 2025 NOV 20 10:35 AM          POTTAWATTAMIE
CLERK OF DISTRICT COURT                    Page 1 of 2

## IOWA DISTRICT COURT IN AND FOR POTTAWATTAMIE  COUNTY

| | |
|---|---|
| MELINDA S DEBARTOLO<br>EUGENE DEBARTOLO JR<br><br><br>VS.<br><br><br>JOHN DOE<br>ROCKET MORTGAGE, LLC<br>SERVICELINK LLC | CASE NO: 04781  CVCV127100<br><br>**NOTICE OF CIVIL TRIAL-<br>SETTING CONFERENCE<br>(Use of this form is mandatory.)** |

To the parties or their attorneys of record:

In accordance with Iowa Rule of Civil Procedure 1.906, notice is hereby given that a  * **Trial Scheduling Conference is scheduled on 12/30/2025 at 10:15 AM (Telephonic ONLY: please call at the DIRECTIONS BELOW INDICATED FOR SCHEDULING CONFERENCE.**
*This date shall be no earlier than 35 days after and not later than 50 days after any Defendant/ Respondent has answered or appeared unless set sooner by special order on application of one or more parties.

This conference shall be held:

**By telephone with Court Administration's conference line.  All Attorneys/Pro Se Parties shall contact the court at 1-877-304-9269 then enter conference code 527612 with Kiersten Burnham, Judicial Operations Coordinator, when prompted.** Attorneys for all parties appearing in the case shall participate at this conference.  Parties not represented by  counsel shall participate in this conference.

**Recording or rebroadcasting of a court proceeding held by video or telephone conference, including pictures, screenshots, or other visual or audio copying, is prohibited absent an expanded news media coverage order. Any violation may result in contempt of court or other sanctions. Please note judicial branch staff may be recording this proceeding.**

At this trial-setting conference, every case will be set for trial within the time periods provided by Iowa Court Rules Chapter 23, Time Standards for Case Processing.

**Prior to the trial-setting conference, the parties must file a Trial Scheduling and Discovery Plan, Iowa Court Rule 23.5-Form 2 (Form 3 for Expedited Civil Actions).**

In judicial districts that allow it, the parties may, in lieu of holding a trial-setting conference, first file their Trial Scheduling and Discovery Plan and then, prior to the date scheduled for the trial-setting conference, obtain a trial date from court administration  that complies with the provisions of Chapter 23.  The date will be entered by the Court on the Trial Scheduling and Discovery Plan.

The trial date that is agreed upon at this conference shall be a firm date.  Continuances will not be granted, even if all parties agree, unless for a crucial cause that could not have been foreseen.

The Clerk of Court shall notify all counsel of record and parties not represented by counsel.

/s/  Kiersten Burnham, Judicial Operations Coordinator
712-328-4714

If you need assistance to participate in court due to a disability, call the disability coordinator at (712) 328-4753 or information at https://www.iowacourts.gov/for-the-public/ada/. Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). **Disability coordinators cannot provide legal advice.**



## Case Number: CVCV127100   Case Title: MELINDA AND EUGENE DEBARTOLO VS ROCKET MORTGAGE

Opened: 10-03-2025
County: Pottawattamie
Case Type: OTHER ACTIONS    Judge: MICHAEL DONN HOOPER
Next Scheduled Date & Time: 2025-12-30 10:15:00   Event: TRIAL SCHEDULING CONFERENCE
Prayer Amount: $.00

⊞ Show/Hide Participants

| File Date | Docket # | Case History |
|---|---|---|
| 11-20-2025 10:35:00 AM<br>Court | D0008 | COMPUTER GENERATED NOTICE<br>TELEPHONIC TRIAL SCHEDULING CONFERENCE 12/30/2025 AT 10:15AM<br>Filed by: Court |
| 11-19-2025 12:43:00 PM<br>Court | D0007 | OTHER ORDER<br>MOTION GRANTED FOR EXTENSION; ROCKET MORTGAGE HAS UNTIL 12/16/25 TO FILE ANSWER<br>Filed by: Court |
| 11-19-2025 11:03:00 AM<br>Defendant | D0006 | APPEARANCE<br>PAULETTE S SARP<br>CC'D COURT ADMIN<br>Filed by: PAULETTE STEFFES SARP |
| 11-19-2025 11:03:00 AM<br>Defendant | D0005 | MOTION<br>FOR EXTENSION OF TIME<br>Filed by: PAULETTE STEFFES SARP |
| 11-14-2025 02:10:00 PM<br>Court | D0004 | OTHER ORDER<br>ORDER FOR INDIVIDUAL CASE ASSIGNMENT - JUDGE MICHAEL D HOOPER TO PRESIDE<br>Filed by: Court |
| 11-11-2025 09:03:00 AM<br>Court | D0003 | RETURN OF ORIGINAL NOTICE<br>ROCKET MORTGAGE LLC - 11/05/2025<br>Filed by: Court |
| 10-03-2025 01:50:00 PM<br>Plaintiff | D0002 | PETITION FILED: PETITION<br>CC COURT ADMIN<br>Filed by: MATTHEW M. SAHAG |
| 10-03-2025 01:50:00 PM<br>Plaintiff | D0001 | CIVIL ORIGINAL NOTICE<br>Filed by: MATTHEW M. SAHAG |